TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111
Tel: (801) 524-5682 ◆ Fax (801) 325-3310 cy.castle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:21CR00248-TC-DBP |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR ORDER OF FORFEITURE |
| CHARLES ROBERT BREWER, | Judge Tena Campbell |
| Defendant. | Magistrate Judge Dustin B. Pead |

Pursuant to Fed R. Crim. P. Rule 32.2(b), the United States of America respectfully submits this Motion for Order of Forfeiture. In support of this motion, the government states:

1. On June 9, 2021, a federal grand jury sitting in the District of Utah, returned an Indictment charging Charles Robert Brewer with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, (Count 1) and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (Count 2).

2. The Court's jurisdiction in this matter is founded in 28 U.S.C. § 1355. The United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p).

3. On December 7, 2022, the defendant pleaded guilty to Conspiracy to Commit Wire Fraud (Count 1 of the Indictment). As a result of the plea of guilty to Count 1, the

defendant must forfeit to the United States all property, real or personal, that is derived from, used, or intended to be used in violation of 18 U.S.C. § 1349 including but not limited to:

- Forfeiture Money Judgment in the amount of $250,000.00

4. Entry of the above money judgment is authorized by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) based on the evidence presented in the Indictment filed on June 9, 2021, and the Statement in Advance of Plea filed on December 7, 2022. The United States has established the requisite nexus between the property and the offenses.

5. In accordance with the provisions of Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture and/or substitute property.

6. After discovery of any specific substitute asset, the United States will move, pursuant to Fed. R. Crim. P. 32.2(e) for an amended order of criminal forfeiture for the specific substitute asset. Upon entry of such an order, the United States will provide notice of the order allowing third parties who claim an interest in any such asset to petition the court for a hearing to adjudicate the validity of their interest in the asset, pursuant to 21 U.S.C. § 853.

7. The United States requests pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) "to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." We also request that the court reference the forfeiture order in its judgment. Fed. R. Crim. P. 32.2(b)(4)(B).

WHEREFORE, the United States respectfully requests that this Court enter an Order of Forfeiture, forfeiting to the United States the property described herein and, in the Indictment,

and order the Internal Revenue Service to maintain custody of the forfeited property in accordance with the law.

        Dated this 8th day of December 2022.

                                      TRINA A. HIGGINS
                                      United States Attorney

                                      /s/ *Cy H. Castle*
                                      CY H. CASTLE
                                      Assistant U.S. Attorney